UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S. BANK NATIONAL ASSOCIATION,
ETC.                                          CIVIL ACTION

VERSUS                                        NUMBER 14-340-SCR

OAKBROOK APARTMENTS LLC

**RULING ON MOTION FOR RELIEF UNDER RULE 56(d)**

Before the court is a Motion for Relief under Rule 56(d) filed by defendant Oakbrook Apartments LLC. Record document number 62. Plaintiff U.S. Bank national Association, as Trustee, as successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, for the registered holders of LB-UBS Commercial Mortgage Trust 2006-C6, Commercial Mortgage Pass-Through Certificates, Series 2006-C6, filed an opposition.[1]

Under Rule 56(d), Fed.R.Civ.P., if a party opposing a summary judgment motion shows by affidavit or declaration that for specified reasons, it cannot present facts essential to its opposition, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.

Plaintiff argued that the defendant is not entitled to relief under Rule 56(d). Plaintiff pointed out that the defendant waited

---

[1] Record document number 63.

until November 12, 2014 to serve its written discovery requests, which made the responses due after the December 1, 2014 fact discovery deadline.[2] Because the defendant never sought an extension of this deadline, the plaintiff argued that the discovery requests were untimely and cannot be a basis to defer ruling on the summary judgment motion. Plaintiff also argued that the defendant should not be granted a delay which would, in effect, extend the fact discovery deadline because there is no good cause to do so - the defendant was not diligent in beginning and pursuing its discovery. Plaintiff maintained that the defendant acted at its own risk by not moving forward with its discovery even while the parties were attempting to negotiate a settlement.

Plaintiff's arguments, although supported by the Scheduling Order, are ultimately unpersuasive essentially for the reasons explained by the defendant. Notably, the Joint Motion to Extend Deadline for Filing Opposition to Plaintiff's Motion for Summary Judgment was premised on preserving both party and judicial resources while the parties were diligently working to negotiate a settlement agreement.[3] The argument that the defendant should have nonetheless pursued written discovery while the negotiations were

---

[2] Record document number 47, Scheduling Order, p.1, item A; record document number 62-3, Requests for Admissions of Fact, Interrogatories and Requests for Production of Documents. Therefore, the plaintiff's discovery responses were due by December 12, 2014.

[3] Record document number 53, ¶¶ 3, 4.

ongoing is contrary to the parties' joint representation to the court in the motion to extend the defendant's summary judgment opposition deadline.

Plaintiff is seeking to recover more than $26 million from the defendant and does not dispute that the discovery seeks relevant admissions, information and documents.  Although the defendant was late in serving its discovery requests, the delay was consistent with efforts to reach a settlement, the discovery requests were served within two weeks after the parties' efforts to resolve the case ended, and the delay was not so egregious that the defendant should be denied a fair opportunity to obtain information needed to respond to the plaintiff's summary judgment motion.

Therefore, the ruling on the summary judgment motion will be deferred to allow the defendant time to obtain and review the plaintiff's discovery responses and file a supplemental opposition to the plaintiff's summary judgment motion.  Plaintiff will be required to provide the defendant with its responses to the discovery requests by January 14, 2015.  Defendant will be allowed until January 30, 2015 to file a supplemental opposition to the plaintiff's summary judgment motion.

Accordingly, the Motion for Relief under Rule 56(d), Fed.R.Civ.P. filed by defendant Oakbrook Apartments LLC is granted.  Plaintiff shall serve its responses to the defendant's Requests for Admissions of Fact, Interrogatories and Requests for Production of

Documents, by January 14, 2015. Defendant shall have until January 30, 2015 to file a supplemental response to the plaintiff's Motion for Summary Judgment.

Baton Rouge, Louisiana, December 17, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE