UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, FOR THE REGISTERED HOLDERS OF LB-UBS COMMERCIAL MORTGAGE TRUST 2006-C6, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-C6 | CIVIL ACTION NO. 14-340-SCR<br><br>MAGISTRATE JUDGE<br>STEPHEN C. RIEDLINGER |

       PLAINTIFF,

VERSUS

OAKBROOK APARTMENTS LLC

       DEFENDANT.

_____

ORDER SETTING FORECLOSURE SALE PROCEDURES
_____

**CONSIDERING** the Ex Parte/Unopposed Motion to Proceed with Foreclosure Sale, record document number 94, filed by U.S. Bank National Association, as Trustee, as Successor-In-Interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank National Association, as Trustee, for the Registered Holders of LB-UBS Commercial Mortgage Trust 2006-C6, Commercial Mortgage Pass-Through Certificates, Series 2006-C6 ("Plaintiff"), the law being in support of the relief requested therein and good cause having been shown, the motion is **GRANTED**.

1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the foreclosure sale of the property more fully described in Exhibit "1" hereto (the "Property") be conducted according to the following terms and in the following manner:

1. Considering the Judgment entered by this Court on July 27, 2015, was immediately executable, all parties having absolutely waived any and all applicable appeal periods provided for by the Federal Rules of Civil Procedure, it is hereby ordered that the U.S. Marshal's office is authorized to sell the Property pursuant to the procedures provided for herein, with the benefit of appraisement;

2. The U.S. Marshal is authorized and directed to effect service of any notice of seizure, notice of sale, writs, orders and other processes requested to be served by Plaintiff. Plaintiff shall release, hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants and employees, and all others for whom they are responsible from any and all liability or responsibility for claims arising out of the care and custody of the Property in this case;

3. Service of notices (including notices of seizure and sale), writs (including a writ of execution), orders or other process may be made upon (the "Judgment Defendant") by serving their counsel of record in this action;

4. Pursuant to 28 U.S.C. §2001, the Court directs that the Property be sold as a whole ("*in globo*") and not in separate parcels;

5. Pursuant to 28 U.S.C. §2002, notice to the public of the judicial sale shall be made "once a week for at least four weeks prior to the sale." The notice shall be set forth in *The*

*Advocate* (Baton Rouge) four (4) times prior to the sale.  Notice shall commence no sooner than three (3) days (exclusive of holidays) following service on the Judgment Defendants of the notice of seizure;

6.     The U.S. Marshal shall both obtain a mortgage certificate from the Clerk of Court and Recorder of Mortgages for East Baton Rouge Parish and conduct a UCC search with the Secretary of State for the State of Louisiana regarding any state or federal tax notices and/or UCC financing statements filed against the property both immediately upon execution of the Order and five (5) business days prior to the scheduled sale date;

7.     The foreclosure sale shall occur at the federal courthouse for the United States District Court for the Middle District of Louisiana, 777 Florida Street, Baton Rouge, Louisiana 70801;

8.     The appraisal will occur essentially as set forth in La. R.S. 13:4363, in that:

> [n]ot less than seven days, exclusive of holidays, before the sale of the seized property, the [U.S. Marshal] shall serve written notice on the [Judgment Defendants] and on [Plaintiff], in the manner provided for [in Paragraph 3 above] . . . , directing each to name an appraiser to value the property and to notify the [U.S. Marshal] of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the [Judgment Defendants] and [Plaintiff] shall be made and delivered to the [U.S. Marshal] at least two days, exclusive of holidays, prior to the time of the sale.

As set forth in La. R.S. 13:4364, "[i]f a party neglects to appoint an appraiser or to notify the [U.S. Marshal] within the time designated, the [U.S. Marshal] shall appoint an appraiser for [the party]."  Further, as set forth in La. R.S. 13:4365, the "appraisers shall take an oath to make a true and just appraisal of the property."  Moreover,

3

> [i]f the appraisers cannot agree, and (1) the difference in value between the two appraisals does not exceed two hundred and fifty thousand dollars, and (2) the value assigned by the lower of the two appraisers is at least ninety percent of the value assigned by the higher of the two appraisers, then the [U.S. Marshal] shall average the two figures and use the average as the appraised value for purposes of determining the opening bid. ... [If] the two appraisers do not agree and the values are not within the averaging limits, then the [U.S. Marshal] shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.

The appraisers shall deliver their appraisals to the U.S. Marshal in writing and signed;

9. If the highest bid at the sale is less than 2/3 of the appraised value, a second sale shall be scheduled to occur on the soonest available date after notice to the public of the second sale date has been made once a week for four (4) weeks. The notice to the public shall be as set forth in Paragraph 5, above. At any second sale, the Property shall be sold to the highest bidder regardless of the amount of the bid;

10. Plaintiff shall be entitled, to the extent allowed by law, to collect from the Judgment Defendant the amount of any deficiency as a result of the foreclosure sale - *i.e.*, the amount by which the Judgment exceeds the purchase price received at a completed foreclosure sale;

11. At the foreclosure sale. Plaintiff shall be entitled to "credit bid" up to the amount owed under the Judgment without the necessity of having to pay any funds over to the U.S. Marshal (except costs and commissions incurred by the U.S. Marshal's office in connection with any sale);

12. The U.S. Marshal's fee shall be $50,000 payable at the conclusion of a completed foreclosure sale. *See* 28 CFR §0.114(h) (the U.S. Marshal "shall collect a commission of …1.5


percent on the excess of any sum over $1,000 …, except that the amount of commission… shall not exceed $50,000.").

Baton Rouge, Louisiana, September 14, 2015.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE